IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**UNITED STATES OF AMERICA**

vs.                                              CASE NO.: 1:06-CR-037-SPM

**JOAQUIN GOMES,**

  **Defendant.**
_____/

**ORDER DENYING MOTION TO SUPPRESS**

  **THIS CAUSE** comes before the Court upon the "Motion to Suppress Statements and Evidence" (doc. 17) filed January 2, 2007 and the Government's response (doc. 20) filed January 12, 2007.  Defendant moves to suppress evidence and statements obtained during an investigation at his residence on March 6, 2006.  For the reasons set forth below, the Court finds the motion must be denied.

**FACTS:**

  As part of an FBI task force investigation in the early part of 2006, FBI agents seized a database of billing records pertaining to child pornography websites, and database entries were matched against a list of convicted sex offenders.  One of the individuals identified was Defendant.

After verifying Defendant's address and his status as a Florida sex offense probationer, agents visited Defendant at his residence, accompanied by a Levy County deputy sheriff.  The Government avers that the agents informed Defendant of their identities and the nature of the interview.  Although the Government's response to the motion specifies that the interview was not custodial in nature, it is not clear whether this information was provided to Defendant.

The Government makes no assertion that agents provided Miranda warnings to Defendant, ostensibly because the interview was non-custodial in nature.[1]  Defendant admitted to agents that he was on probation for a sex offense and explained the details of the crime when questioned further.  In response to questioning about computers in his house, Defendant stated that he had three computers and pointed out their locations.  When asked about his Internet interests, specifically about child pornography, Defendant responded with a story about an e-mail his mother forwarded him with the word "penis" in it.

---

[1] As to Defendant's statement that, "If [Miranda warnings] were not [given], then the statements surely would be subject to suppression," *see* doc. 17 at 3, the Court finds that the circumstances in this case (interview took place at Defendant's home, interview ceased upon Defendant's statement regarding an attorney) tend to show that Defendant was not subjected to custodial interrogation and thus was not entitled to Miranda warnings.  *See, e.g.*, United States v. Ritchie, 35 F.3d 1477, 1485 (10th Cir.1994); United States v. Newton, 369 F.3d 659, 675 (2d Cir.2004); United States v. Lanni, 951 F.2d 440, 442 (1st Cir.1991);  United States v. Helmel, 769 F.2d 1306, 1320 (8th Cir.1985).  Mere detention of a suspect after his request for an attorney, without further questioning by officers (as was the case here), does not require Miranda warnings. *See* United States v. Castro*,* 723 F.2d 1527, 1530  (11th Cir. 1984)("before [Miranda] warnings need be given, it must be established that the subject was both 'in custody' and under 'interrogation' by police officers").

At this point, Defendant became reluctant to disclose any more information and stated, "I think I should contact an attorney." Agents terminated questioning but warned Defendant that they would contact his probation officer to conduct a search pursuant to his conditions of probation. Defendant "immediately commented that he did not have an attorney, and requested [that] agents not contact the probation officer. Further, [Defendant] spontaneously asked if he could cooperate and stated that he possessed child pornography images on his computers." Doc. 20 at 3.

Soon afterward, the state probation officer arrived. Defendant admitted to the officer that he had child pornography in his possession. The officer searched the computer and seized evidence including a camera, CD's, and hard drives.

He now moves to suppress that evidence.

**ANALYSIS:**

Neither party disagrees that a probation officer or law enforcement officer may enter and search a probationer's residence without a warrant where reasonable suspicion of criminal activity exists. *See, e.g.*, United States v. Knights, 534 U.S. 112 (1987); Croteau v. State, 334 So. 2d 577 (Fla. 1976). The issue, as framed by Defendant, is "whether statements and evidence obtained by federal agents directing the activities of state officers is admissible in federal court." *See* doc. 17 at 2.

"Admission in federal court of evidence obtained by state officers is

governed by federal law." United States v. Malekzadeh, 855 F.2d 1492, 1496 (11th Cir. 1988)(*citing* United States v. Butera, 677 F.2d 1376 (11th Cir. 1982); United States v. Nelligan, 573 F.2d 251 (5th Cir.1978)).[2]  The search and seizure must be "judged as if the search and seizure had been made by federal officers." Preston v. United States, 376 U.S. 364, 366 (1964)(*citing* Elkins v. United States, 364 U.S. 206 (1960)).  Thus, the question becomes whether a federal probation officer in the same circumstances would have had the right to conduct the warrantless entry into and search of Defendant's home.

In United States v. Knights, 534 U.S. 112 (2001), the Eleventh Circuit held that a warrantless search, "supported by reasonable suspicion and authorized by a condition of probation, was reasonable within the meaning of the Fourth Amendment." Id. at 122.  To determine whether reasonable suspicion is present, the court must "take stock of everything [the officers] knew before searching." United States v. Yuknavich, 410 F.3d 1302, 1311 (11th Cir. 2005).[3]

---

[2]  Decisions of the Fifth Circuit rendered before October 1, 1981 constitute binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

[3]  Defendant suggests that Yuknavich is distinguishable because Florida limits the use of evidence gathered during a warrantless search to revocation proceedings and prohibits its use for new criminal proceedings.  This is not so.  The Florida Supreme Court, in Soca v. State, 673 So. 2d 24 (Fla. 1996), reiterated its findings in Grubbs v. State, 373 So. 2d 905 (Fla. 1979) that such evidence could not be used in a separate criminal proceeding "unless the search meets customary search and seizure standards established under article I, section 12 of the Florida Constitution." Soca, 673 So. 2d at 25 (emphasis added).  The court stated that the Fourth Amendment "ordinarily applies to a probationer when evidence is used to prove a separate criminal offense . . . ." Id.  This Court's finding that the search in this case comported with Fourth Amendment standards thus permits use of the evidence in a separate criminal proceeding.

Here, as part of his probation in his state case, Defendant agreed to "submit to warrantless search by [his] officer of [his] person, residence or vehicle . . . ." and agreed not to "own, view or possess" material such as that discovered here.[4] FBI agents were aware that Defendant was involved in downloading and possessing child pornography because his name appeared in a database of customers who used credit cards to access child pornography websites. A check of his criminal history revealed that he was on state probation after having been convicted of lewd and lascivious assault on a child under 16 years of age.

In response to the agents' questioning about the details of the conviction, Defendant admitted asking his own daughter to pull her pants down and then touching her genitals. When asked about the presence of child pornography on the computers in his house, Defendant admitted that he had observed "pop-ups" that were pornographic in nature. Once agents advised Defendant that they would contact his probation officer to conduct a search of his residence, Defendant asked them not to do that, and then volunteered to cooperate with the agents.

Under the "totality of the circumstances" approach utilized in <u>Knights</u>, 534 U.S. at 118, the Court finds that reasonable suspicion existed to support the

---

[4] *See* doc. 17 at 3 n.4. The remainder of the quote was omitted.

actions of the agents in this case.[5]  The agents and probation officer acted within the bounds of the Fourth Amendment, and the evidence is admissible in this case.  Accordingly, it is

**ORDERED AND ADJUDGED** that the motion to suppress (doc. 17) is hereby *denied*.

**DONE AND ORDERED** this twenty-third day of January, 2007.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

---

[5] Defendant's "sham prosecution" argument is unavailing.  Notwithstanding the fact that the doctrine's validity has not yet been addressed by the Eleventh Circuit, United States v. Baptista-Rodriguez, 17 F.3d 1354, 1361 (11th Cir. 1994), the "sham prosecution" concept is an exception to the dual sovereignty doctrine as it relates to the prohibition against double jeopardy.  Here, Defendant is being prosecuted for a new law violation based on the evidence discovered during the search, not for the state offense of which he was originally convicted.