**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

**UNITED STATES OF AMERICA**

vs.                                                                   CASE NO.: 1:06-CR-037-SPM

**JOAQUIN GOMES,**

      **Defendant.**
_____/

**ORDER DENYING MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY**

**THIS CAUSE** comes before the Court upon the "Motion in Limine" (doc. 31) filed by Defendant February 27, 2007 and the Government's response (doc. 33) filed February 28, 2007.  Defendant seeks to exclude testimony from Marilyn Barnes as to the age of a child depicted in one or more pornographic images possessed by Defendant.  Barnes intends to testify that the genitalia in the image(s) appear to be that of a "pubertal" minor between the ages of 11 and 16.

As grounds, Defendant states only that "[b]ased on an informal consultation with a gynecologist . . . it is unlikely that [such] an opinion . . . can be based solely on viewing a photograph of external female genitalia."  *See* doc. 31 at 1.  The remainder of the motion provides a general statement concerning the admissibility of scientific and technical evidence.  No argument is made as to Barnes's qualifications or expertise; rather, Defendant claims that Barnes cannot

render her opinion "to within a reasonable degree of medical certainty."

As the Government notes, such testimony has been accepted by the Eleventh Circuit in similar cases. *See, e.g.*, United States v. Bender, 290 F.3d 1279, 1282 (11th Cir. 2002); United States v. Anderton, 136 F.3d 747, 750 (11th Cir. 1998). In Anderton, the government witness, a medical doctor, testified that the children she viewed in the videotape found in the appellee's possession were between eleven and fifteen and a half years old. 136 F.3d at 750. The defense put on a contradictory witness. Id. The court stated, "The jury was free to evaluate both experts' testimony and conclude that the government's expert was more reliable and credible." Id. (*citing* United States v. Parrado, 911 F.2d 1567, 1571 (11th Cir.1990)).

Even assuming the expert in this case could not render an opinion to within a reasonable degree of medical certainty, her testimony is still admissible, as it will "'assist the [jury] to understand the evidence or determine a fact in issue' rather than the measure of precision seemingly demanded by the Defendants." D'Augustino v. Bristol-Myers Squibb Co., 980 F. Supp. 1452, 1455 (M.D. Fla. 1997). Ascribing weight to her testimony is the province of the jury.

Accordingly, it is

**ORDERED AND ADJUDGED** that the motion in limine (doc. 31) is hereby *denied*.

**DONE AND ORDERED** this first day of March, 2007.

        *s/ Stephan P. Mickle*
        Stephan P. Mickle
        United States District Judge