IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:06-cr-37-SPM-GRJ

JOAQUIN GOMES,

_____/

# REPORT AND RECOMMENDATION

This case is before the Court on Doc. 93, Defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Based upon a review of the motions, exhibits, the record of the proceedings, Defendant is not entitled to relief because the motion is time-barred under 28 U.S.C. § 2255(f). Accordingly, the undersigned recommends that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed.

## Background

The Defendant was charged in the indictment with one count of possessing child pornography which had been shipped in interstate and foreign commerce by an individual who has prior conviction for sexual abuse of a minor in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2); one count of receiving child pornography which had been shipped in interstate and foreign commerce relating to the sexual abuse of a minor, in violation of Title 18, United States Code, Section 2252A(a)(2)(B) and 2252A(b)(1); and one count of using child pornography which had been shipped in interstate and foreign commerce to entice a minor to engage in sexually explicit conduct for the purpose of producing photographic images, in violation

of Title 18, United States Code, Section 2251(a) and (e).

The Defendant was found guilty on March 6, 2007 on all three counts after a jury trial. The Court sentenced Defendant to concurrent terms of imprisonment totaling 600 months to run consecutively to a state prison sentence, followed by five years of supervised release. (Doc. 62). Defendant, through counsel, filed a timely notice of appeal. (Doc. 63). Defendant's direct appeal was denied in an unpublished opinion and judgment was entered on May 29, 2008. *United States v. Joaquin Gomes,* 279 Fed. Appx. 861 (11th Cir. 2008). The Eleventh Circuit issued the mandate on the judgment on June 30, 2008. Defendant represents in his petition that at that time he was unaware that his appeal had been denied.

As evidenced by the letter attached to Defendant's Amended Petition, he sent a written inquiry to the Clerk of Court, dated September 14, 2010, which was provided to the prison for mailing on September 15, 2010 requesting information on the disposition of his appeal and requesting that the Clerk provide him with a copy of the docket sheet. (Doc. 93, Ex. F.) On September 30, 2010, Defendant wrote to Magistrate Judge Alan Kornblum - the magistrate judge assigned to the underlying criminal case – requesting a ruling on his appeal because "[I]t has been more than two years which is more than reasonable time to rule." (Doc. 93, Ex. D.) In response to his request for the docket the Defendant received a copy of the June 30, 2008 transmittal letter from the Clerk of the Eleventh Circuit to the Clerk of the Northern District of Florida transmitting a certified copy of the judgment and a copy of the Eleventh Circuit's May 29, 2008 opinion. (Doc. 93, Ex. E.)

On October 26, 2010, Defendant submitted a complaint to the Florida Bar

against his attorney, Daniel Daly. In the complaint to the Florida Bar, Defendant alleged that Daly's conduct in neglecting to inform Defendant of the outcome of his appeal prevented Defendant from filing a timely habeas petition. (Doc. 96-1, Ex. A). On December 17, 2010, Daly responded to Defendant's Florida Bar complaint, representing that Defendant had requested that Daly not send legal documents to the prison in order to avoid having other inmates discover the nature of his criminal conviction. (Doc. 96-1, Ex. A).

On February 22, 2011, the Florida Bar responded to Defendant's complaint against Daly and concluded that evidence of Daly's negligence in this case was insufficient to support a finding that Daly had violated any disciplinary rules. (Doc. 96-1, Ex. A). Defendant then filed with this Court a *Pro Se* Petition For Writ of Habeas Corpus, requesting that the Court grant him a belated appeal. (Docs. 90 & 92.)[1] On January 20, 2012 Defendant filed the instant Amended Motion To Vacate, Set Aside, Or Correct Sentence Under 28 U.S.C. 2255, containing the four grounds raised in this case. (Doc. 93.)

On March 20, 2012, the Government filed a Response in opposition to Defendant's Motion to Vacate (Doc. 96), arguing among other issues that the petition was filed untimely. On April 25, 2012 Defendant filed a reply. Doc. 97.)

## **DISCUSSION**

Defendant raises four claims in his petition. Defendant's first claim is that his

---

[1] Although not material to resolution of this case the Petition for Writ of Habeas Corpus was filed on the docket on November 21, 2011. (Doc. 90.) After that the Court entered an order in case No. 1:11cv-277-MP-GRJ directing the clerk to file the motion in the criminal case as a 2255 motion. (Doc. 4.) On December 29, 2011 the Clerk refiled the motion this time designating the motion as a Motion to Vacate Under 28 U.S.C. 2255. (Doc. 92.) The motion reflects on its face that it was delivered to prison officials at Sumter Correctional Institution for mailing on November 15, 2011. Accordingly, for purposes of the filing date November 15, 2011 is the effective date under the prison mailbox rule.

Sixth Amendment right to effective assistance of counsel was violated when Dan Daly, his appellate counsel, failed to inform him that his direct appeal to the Eleventh Circuit had been denied. (Doc. 93 at 3). Defendant argues that this is the reason the instant petition was filed untimely. The other three grounds raised by Defendant in his Petition relate to the suppression of evidence. The Court need not address the merits of these three claims nor resolve whether his attorney's conduct was ineffective because it is evident that Defendant's 2255 Motion to Vacate was filed untimely even taking into consideration Defendant's argument that his counsel failed to advise him that his appeal had been denied.

    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a statute of limitations for filing a § 2255 motion, "A one-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). The one-year limitations period runs from the latest of:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

For federal prisoners, AEDPA specifically provides that the one-year limitations period runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Where, the federal prisoner does not file a timely *certiorari* petition on direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is 90 days after the entry of judgment on direct appeal. *Clay v. United States*, 537 U.S. 522, 532 (2003); *Kaufman v United States*, 282 F. 3d 1336, 1339 (11th Cir. 2002). Notably, and contrary to the time limits and dates suggested in the government's response, the 90-day period in which to seek *certiorari* review runs from the date of entry of the judgment or order being appealed, and not from the issuance date of the mandate. *Close v United States*, 336 F. 3d 1283, 1285 (11th Cir. 2003). In this case the judgment was entered by the Eleventh Circuit on May 29, 2008, which triggered the deadline for filing a petition for writ of certiorari to the Supreme Court. No petition was filed within the 90 day period and therefore the judgment in this case for AEDPA purposes become final on August 27, 2008. The one-year deadline for filing the 2255 Motion to Vacate was August 27, 2009. The Defendant filed the Motion to Vacate in this case on November 15, 2011 more than two years after his appeal became final.

Recognizing that his motion to vacate in this case was filed well past the one year deadline, the Defendant, nonetheless, argues that he is entitled to equitable tolling because his due process rights were violated when his attorney failed to inform him that the Eleventh Circuit had denied his appeal in July 2008. (Doc. 97 at 8).

The fundamental problem with Defendant's argument is that even assuming he

is entitled to equitable tolling because of the conduct of his lawyer from the date the judgment of conviction became final (August 27, 2008) until the date the Defendant actually learned that the appeal had been denied (October 25, 2010), the Defendant, nonetheless, failed to file the instant petition within one year from the date he discovered his appeal had been denied.

There is no factual dispute that Daly did not inform Defendant of the Eleventh Circuit's decision. In his response to the Florida Bar (Doc. 96, Ex. A), Daly advised that he did not send any mail to Defendant in prison because the Defendant requested Daly not to do so due to the nature of the crimes and conviction. According to Daly, the Defendant advised that he would monitor the progress of the appeal "online or otherwise."

Accordingly, for purposes of resolving this motion the Court will assume that Defendant's counsel did not advise him that the Eleventh Circuit had denied his appeal. Further, although there may be an affirmative obligation of the Defendant not to sit silent but to take some action to monitor the status of his appeal, the Court will assume for purposes of resolving this motion that the Defendant did not do so and that the first time he learned that his appeal had been denied was sometime between September 15, 2010 – when he wrote to the clerk requesting the docket – and before he filed the October 25, 2010 complaint with the Florida Bar, in which the Defendant complained that Daly had failed to advise him that the Eleventh Circuit had denied his appeal on July 2, 2008. In that letter Defendant states "The Clerk of the courts sent me a copy of Judgement and informed of a mandate and they were filed on July 2, 2008. Which exceeded my time to continue my appeal process." (Doc. 96, Ex. A.) Attached to the

letter is a copy of the June 30, 2008 letter from the Clerk of the Eleventh Circuit transmitting to the Clerk of the Northern District a certified copy of the judgment and the court's opinion. As such, there is no dispute that at least as of October 25, 2010 - when Defendant wrote the complaint to the Florida Bar – he knew that his appeal had been denied on June 30, 2008.

Even though Defendant then knew his appeal had been denied and that the time period for filing a habeas petition had long since passed, the Defendant delayed in filing the instant petition and did not file the petition in this case until November 15, 2011, more than one year after he knew that his appeal had been denied. Defendant has not offered any argument or presented any facts explaining or justifying the extended delay in failing to file his motion to vacate.

In order to demonstrate equitable tolling sufficient to save Petitioner's motion from the one year statute of limitations, there are two periods of time relevant to the inquiry. The first period of time runs from August 27, 2008, the date the judgment of conviction became final and October 25, 2010, the date when Petitioner unquestionably knew that the Eleventh Circuit had denied his appeal. The second relevant period of time for tolling purpose is from October 25, 2010 to November 15, 2011, the date the Petition was filed under the mailbox rule.

Turning first to the time period from August 2008 until October 2010, the sole reason offered by Petitioner in support of his argument that he is entitled to equitable tolling is the fact that his attorney did not send him a written communication advising that the Eleventh Circuit had denied his appeal. While professional misconduct may under the particular facts and circumstances of a case amount to egregious behavior

warranting equitable tolling, *Holland v Florida*, 560 U.S. at __, 130 S.Ct. 2549, at 2563-65 (2010), a petitioner is, nonetheless, required to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 2562; *Sandvik v United States,* 177 F. 3d 1269, 1271 (11th Cir. 1999)(*per curiam*)(holding that equitable tolling is available "when the movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with due diligence." )

      The first mention of any attempt by Defendant to investigate the status of his appeal was on September 15, 2010 when he wrote a letter to the Clerk requesting a status update to his appeal and requesting a copy of the docket sheet. Further, according to his attorney, the Defendant agreed to monitor the status of his case "online or otherwise." A simple check of the Court's docket in July 2008 would have revealed that the Defendant's appeal had been denied and judgment already had been entered by the Eleventh Circuit. Defendant apparently waited more than two years to make any kind of inquiry as to the status of his appeal. It is therefore highly questionable whether the Defendant has demonstrated sufficient diligence to be entitled to equitable tolling during this period of time. There is no allegation in this case that Daly misrepresented the status of the case to Defendant or engaged in any deceitful conduct. To the contrary the only allegation is that Daly simply did not inform the Defendant that his appeal had been denied.

      This discussion is, however, entirely academic and does not impact resolution of the issue because even assuming that Defendant could establish both diligence and that the circumstances were so extraordinary that he was prevented from filing the

petition, Defendant is not entitled to equitable tolling during the second relevant time frame i.e from October 25, 2010 until November 15, 2011. Therefore, assuming the AEDPA one-year statute of limitations was equitably tolled until October 25, 2010 – when Defendant had become well aware that the Eleventh Circuit in 2008 had denied his appeal – the Defendant still had one year from that date – until October 25, 2011 – to file his 2255 Motion to Vacate. Defendant failed to do so instead filing the petition on November 15, 2011, more than one year past the equitably tolled statute of limitations. Defendant does not offer any facts or argument suggesting any impediment to filing his petition in the one year period starting in October 25, 2010 and ending on October 25, 2011.

Accordingly, Defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is due to be dismissed because it was filed after the expiration of the one-year statute of limitations under ADEPA, even assuming the Defendant is entitled to equitable tolling from the date the judgment of conviction became final until the date the Defendant learned that the Eleventh Circuit had denied his appeal.

The Court also concludes that an evidentiary hearing is unnecessary to resolve this motion because the material facts are not in dispute. *See, Martin v McNeil*, 633 F. 3d 1257, 1271-72 (11th Cir. 2011). Because the petition is time barred even assuming that Defendant demonstrated entitlement to equitable tolling, the Court is not required to determine whether the Defendant was diligent in checking the status of his appeal or whether the conduct of Defendant's counsel was egregious enough to establish equitable tolling.

## RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 Doc. 93, should be **DISMISSED** as time barred.

**IN CHAMBERS** this 29th day of March 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.